UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHIOMA A. ONWUDIWE,

                Plaintiff,

-against-

SOLOMON PAGE AGENCY,

                Defendant.

24-CV-06977 (MMG)

**ORDER OF SERVICE**

---

MARGARET M. GARNETT, United States District Judge:

    Plaintiff Chioma A. Onwudiwe ("Plaintiff"), of the Bronx, New York, who is appearing *pro se*, asserts claims of race, sex, and age-based employment discrimination, as well as claims of retaliation, under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, 42 U.S.C. § 1981, as well as other claims, including comparable claims under the New York State and City Human Rights Laws.  She sues the Solomon Page Agency ("Defendant") of New York, New York.

    By order filed September 19, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.  *See* Dkt. No. 5.  The Court directs service on Defendant.

## DISCUSSION

    Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[1] *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the Complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the Complaint and ordered that a summons be issued.  The Court therefore extends the time to serve until 90 days after the date that a summons issues.

officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service of the Complaint on Defendant, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for Defendant.  The Clerk of Court is further instructed to issue a summons for Defendant, and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on Defendant.

If a summons and the Complaint are not served on Defendant within 90 days after the date that the summons for Defendant has issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if she fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.  The Court also directs the Clerk of Court to issue a summons for the Solomon Page Agency, to complete a USM-285 form with the service address for the Solomon Page Agency, and to deliver all documents necessary to effect service of a summons and the Complaint on the Solomon Page Agency to the USMS.  The Court further directs service of a summons and the Complaint on the Solomon Page Agency.

Dated: October 29, 2024
      New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

Solomon Page Agency
260 Madison Avenue
New York, New York 10016