USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/9/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHIOMA A. ONWUDIWE,

                Plaintiff,

       -against-

SOLOMON PAGE AGENCY,

                Defendant.

24-CV-06977 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

This is an employment discrimination action. *Pro se* plaintiff is Chioma A. Onwudiwe. Defendant is "Solomon Page Agency," *i.e.*, Solomon Page Group LLC ("SPG"). Plaintiff alleges that SPG discriminated against her during her employment. Before the Court now is SPG's motion to dismiss. For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

### I.    RELEVANT FACTS[1]

SPG is a "staffing firm which, among other things, places temporary hourly workers with its clients." Dkt. No. 1 ("Compl.") at 17. Plaintiff was one such temporary worker. In March 2022, SPG assigned Plaintiff to work as a restaurant host for non-party the Conrad New York Downtown Hotel (the "Hotel")[2] during shifts on March 7, 8, 12, and 13. *Id.* at 12, 17–18. Her

---

[1] The following facts are taken from the complaint (Dkt. No. 1) and assumed true solely for purposes of resolving SPG's motion to dismiss. The Court refers to the parties' memoranda in support of and opposition to the motion to dismiss as follows: Dkt. No. 14 as "Mot."; Dkt. No. 20 as "Opp."; and Dkt. No. 21 as "Reply."

[2] The Hotel was named as a defendant in a related action filed by Plaintiff, 24-cv-6976, but Plaintiff and the Hotel reached a settlement during mediation.

1

first shift, on March 7, proceeded without incident. *See id.* at 12. But during her second shift, on March 8, 2022, a Hotel patron accosted Plaintiff using racial and gender slurs. *See id.* at 12–13. At no time did Hotel security staff intervene to stop the incident. Upon being informed of the incident by Plaintiff, a Hotel supervisor told Plaintiff there was nothing they could do because the patron was a "VIP." *Id.* at 13–14. The Court will refer to what transpired on March 8, 2022, as "the Incident."

When Plaintiff arrived for her third shift on March 12, 2022, she learned that SPG had given her March 12 and March 13 shifts to another worker. *Id.* at 15. "It was the replacement [worker] that filled me [in] with the fact that he was called the night after the incident, to work the shift." *Id.* The night of March 12, 2022, Plaintiff left a tearful voice mail for the Hotel's HR department. *Id.* A document appended to the complaint, which appears to be from Plaintiff's Equal Employment Opportunity Commission ("EEOC") action, includes an allegation from Plaintiff that, on March 12, she also "left a message for SPG in the office and on their website" and "proceeded to speak with the [SPG] schedule coordinator Vincent." *Id.* at 19.

SPG ultimately terminated Plaintiff's employment, although the complaint is unclear when that termination occurred.[3]

## II.    PROCEDURAL HISTORY

Plaintiff commenced this action on September 10, 2024. The complaint includes causes of action under Title VII, Section 1981, the Age Discrimination in Employment Act ("ADEA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). *Id.* at 3–5. It alleges that SPG engaged in discriminatory conduct "by

---

[3] The Complaint states, "Solomon Page remained dumb and *then* quietly terminated my employment with them." *Id.* at 15 (emphasis added). It does not provide further details on when SPG terminated Plaintiff's employment.

concurring with a racially motivated assault and doing nothing, instead retaliating and punishing" Plaintiff, and setting Plaintiff up "to be racially and gender denigrated." *Id.* at 3. It also alleges breach of contract, breach of duty of care, and negligence. *Id.* at 4.

SPG responded by moving to dismiss the complaint. Dkt. No. 13. SPG primarily argues that it had no role in or knowledge of the Incident, and therefore Plaintiff's discrimination, retaliation, negligence, and breach of duty of care claims should all be dismissed. Mot. at 2, 6–9, 10–11. SPG also asserts that Plaintiff failed to plead a breach of contract because she did not identify an applicable contract or its breach and only asserted in conclusory terms that SPG "breached a contract." *Id.* at 11–12.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[4] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. The Court must assume all well-pled facts to be true, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012); *see also A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993) ("[A]ll allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by

---

[4] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

the moving party."). However, the Court need not accept as true conclusory assertions. *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 321 (2d Cir. 2021).

Plaintiff is proceeding *pro se*. "[T]he submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 549 F.3d 241, 248 (2d Cir. 2006)).

## DISCUSSION

**I.    THE DISCRIMINATION AND RETALIATION CLAIMS CANNOT BE DISMISSED AT THIS STAGE**

The Court may grant a motion to dismiss only on grounds briefed by a party. *Volvo North America Corp. v. Men's Intern. Professional Tennis Council*, 857 F.2s 55, 65–66 (2d Cir. 1988); *Attallah v. New York Coll. of Osteopathic Med.*, 643 Fed. App'x 7, 9 (2d Cir. 2016). SPG's chief argument is that the complaint lacks any allegation that SPG knew about the Incident, therefore Plaintiff's discrimination and retaliation claims fail. *See, e.g.*, Mot. at 2. This argument ignores the document appended to the complaint in which Plaintiff alleges she spoke to someone at SPG about the Incident on March 12, 2022, the same night she left a voicemail for the Hotel.[5] *See* Compl. at 19. Furthermore, drawing all inferences in Plaintiff's favor, the Complaint alleges SPG terminated Plaintiff's employment *after* she complained about a racially motivated verbal assault to SPG on March 12, 2022.[6] Given that SPG's chief argument in favor

---

[5] The Court may consider documents attached to the complaint in considering a motion to dismiss. *United States ex rel Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021). Additionally, Plaintiff argues in her opposition she spoke with someone at SPG about the incident. Opp. at 6. "[A] district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in [her] papers opposing the motion." *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013).

[6] Plaintiff would not be able to show retaliation based on SPG giving Plaintiff's March 12 and March 13 shifts to another worker given Plaintiff does not allege anyone at SPG knew about the Incident before March 12, 2022.

of its motion to dismiss is directly contradicted by allegations incorporated into the complaint, the Court will deny SPG's motion to dismiss Plaintif's discrimination and retaliation claims under Title VII, Section 1981, the NYSHRL, and the NYCHRL.

## II.     THE NEGLIGENCE/BREACH OF DUTY OF CARE AND THE AGE DISCRIMINATION IN EMPLOYMENT ACT CLAIMS ARE DISMISSED

The Court will, however, grant the motion to dismiss Plaintiff's claims alleging negligence, breach of duty of care, and violation of the ADEA.  Breach of duty of care is an element of a claim of negligence under New York law, not a standalone claim.  *See Pasternack v. Lab'y Corp. of Am. Holdings*, 807 F.3d 14, 19 (2d Cir. 2015).  Plaintiff's negligence claim is seemingly one for negligent supervision.  The man who accosted Plaintiff was not an employee or client of SPG nor is there any allegation that SPG "had actual or constructive knowledge" of his "propensity for the sort of behavior which caused" Plaintiff's harm.  *Moore Charitable Found. V. PJT Partners, Inc.*, 40 N.Y.3d 150, 157 (2023).  Because there are no factual allegations that could conceivably support these claims, the Court will grant the motion to dismiss as to Plaintiff's claims of negligence and breach of duty of care.

Similarly, there is no factual allegation that anyone discriminated against Plaintiff due to her age, and so Plaintiff's claim under the ADEA must be dismissed as well.

## III.     THE BREACH OF CONTRACT CLAIM IS DISMISSED

The Court will also grant the motion to dismiss Plaintiff's breach of contract claim, albeit with leave to amend.  Plaintiff has failed to identify a contract, explain its terms, or clarify how SPG breached those terms.  Instead, Plaintiff simply alleges that SPG "breached a contract." This allegation, without more, cannot sustain a breach of contract claim.  *See Fuji Photo Film U.S.A., Inc. v. McNulty*, 669 F. Supp. 2d 405, 412 (S.D.N.Y. 2009) (explaining that the claimant must "show that an enforceable contract existed between the parties" and "allege the specific

provisions of the contract upon which the breach of contract claim is based" to state a claim for breach of contract); *see id.* at 412–13 ("A claim for breach of contract cannot be sustained by a conclusory statement that the accused breached a contract."). Nevertheless, in recognition of Plaintiff's *pro se* status, the Court will grant Plaintiff leave to amend her complaint as it concerns her breach of contract claim, only.

## CONCLUSION

On consideration of the foregoing, it is hereby ORDERED that:

**First**, SPG's motion to dismiss is GRANTED as to Plaintiff's claims of negligence, breach of duty of care, breach of contract, and violation of the Age Discrimination in Employment Act, only. The motion is DENIED as to Plaintiff's claims of discrimination and retaliation under Title VII, Section 1981, the NYSHRL, and the NYCHRL.

**Second**, this matter is again REFERRED for mediation to the District's Mediation Program, with Ms. Tecimer to represent Plaintiff as limited scope counsel. *See* Dkt. No. 11. Local Civil Rule 83.9 and the Mediation Program Procedures shall govern the mediation.

**Third**, the parties shall FILE a letter within seven (7) days of the mediation conference informing the Court whether the parties have reached a settlement.

**Fourth**, if a settlement is not reached through mediation, Plaintiff may file a letter proposing any amendments to the breach of contract claim in the Complaint within **30 days** after the letter regarding failure of mediation is filed. Amendments shall be limited to explaining (1) what contract Plaintiff alleges SPG breached; (2) who were the parties to that contract; (3) what were the terms of that contract; and (4) how SPG breached that contract (by pointing to specific terms in the contract that SPG violated). If Plaintiff fails to file this letter within the time permitted (or receive an extension of the time by the Court), or if the proposed amendments

do not cure the problems with the breach of contract claim identified by the Court, the breach of contract claim will be dismissed.

The Clerk of Court is respectfully directed to terminate Dkt. No. 13.

Dated: March 9, 2026
      New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge